IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,974-02






EX PARTE CHARLES RAY IRVING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A040250-R IN THE 128TH DISTRICT COURT


FROM ORANGE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In Cause No. A000433-R, Applicant was
convicted of aggravated assault with a deadly weapon and sentenced to four (4) years' imprisonment. 
His conviction ultimately was affirmed on direct appeal. Irving v. State, P.D.R. No. PD-91-04 (Tex.
Crim. App. November 9, 2005). In Cause No. A040250-R, Applicant was convicted of burglary of
a habitation with intent to commit aggravated assault and sentenced to six (6) years' imprisonment. 
He did not appeal this conviction.

 Applicant contends, inter alia, that his burglary conviction in Cause No. A040250-R was
obtained in violation of the prohibition against double jeopardy. Specifically, Applicant contends
that the prosecutor attempted to prove the burglary allegation in Cause No. A000433-R but withdrew
this allegation from the jury's consideration when he realized he had not proven his case. Applicant
contends that as a result of this conduct, a second prosecution for this offense was barred by the
prohibition against double jeopardy. Additionally, Applicant contends that his plea of guilty in
Cause No. A040250-R was involuntary due to ineffective assistance of counsel because counsel
advised Applicant to plead guilty even though the second prosecution for this offense was barred. 
Finally, Applicant contends that his pre-trial motion to quash the indictment in Cause No. A040250-R on grounds that it was barred by the prohibition against double jeopardy should have been granted.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel and the prosecutor with an opportunity to respond. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the burglary conviction was barred
by the prohibition against double jeopardy, whether the performance of Applicant's trial attorney was
deficient, and if it was deficient, whether counsel's performance prejudiced Applicant. The trial
court shall also determine whether the pre-trial motion to quash the indictment should have been
granted. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all copies of all documents upon which the trial court's findings are based, including the trial
transcripts and affidavits from counsel and the prosecutor or the transcription of the court reporter's
notes from any hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed November 22, 2006


Do not publish